IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LINDA BYAL, | § | |
|  Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-03-3423 |
| | § | |
| LIFE INSURANCE COMPANY OF | § | |
| NORTH AMERICA, *et al.*, | § | |
|  Defendants. | § | |

### MEMORANDUM AND ORDER

This case is before the Court on Motions for Summary Judgment filed by Plaintiff Linda Byal [Doc. # 56] and by Defendant Life Insurance Company of North America ("LINA") [Doc. # 57]. Plaintiff has filed her Response to Defendant's Motion [Doc. # 58], and LINA has filed a Response to Plaintiff's Motion [Doc. # 59]. The Court has reviewed the full record in this case and the governing legal authorities. Based on this review, the Court **denies** Plaintiff's Motion and **grants** Defendant's Motion.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff was employed by Roadway Express, Inc. ("Roadway") as a billing clerk. After she injured her back at Target on May 12, 2001, Plaintiff applied for

benefits under Roadway's Long Term Disability ("LTD") Plan. Defendant LINA was the administrator of the LTD Plan.

On September 10, 2001, Plaintiff underwent a Functional Capacity Examination ("FCE") performed by Marisol Oreta, a physical therapist at Healthsouth Pasadena, Texas. In her report, Oreta found that Byal could work a light occupation with certain accommodations. *See* FCE, Exh. 5 to Defendant's Motion. Oreta, in the FCE report, made the following recommendations:

> The results of this evaluation indicate that Linda Byal has demonstrated the ability to perform a light type of occupation for 8 hours a days [*sic*]. She did not match the job description as a billing clerk due to the constant requirements in sitting and hand coordinated activities. She will benefit from micro-breaks and frequent position changes and stretches. It may also be beneficial to have an ergonomic assessment should she return back to work but her symptoms has [*sic*] not improved even after she stopped working in 5/01.

FCE, at p. 1. On October 17, 2001, Plaintiff's treating physician, Dr. Robert Baylis, reviewed the FCE report and agreed with its findings. *See*, Exh. 6 to Defendant's Motion, p. 2.

On October 22, 2001, Dr. Baylis released Plaintiff to return to light work for eight (8) hours per day. *See* Letter of Release Back to Work, Exh. 10A to Defendant's Motion. Dr. Baylis, however, imposed restrictions which he stated were "recommended per the functional capacity evaluation." *See id.* The restrictions were

that Plaintiff not resume her previous duties as a billing clerk because the position required constant sitting and hand coordinated activities, that she be allowed ten-fifteen minute breaks every 60 to 90 minutes, and that Roadway perform an ergonomic assessment of Plaintiff's workstation. *See id.*

On November 1, 2001, Roadway offered in writing, based on the results of the FCE, for Plaintiff to return to work as a billing clerk for 8 hours per day with "micro breaks, frequent position changes, and stretches," the opportunity to "stretch for a minute or two every 15 to 20 minutes," and ongoing ergonomic assessment. *See* November 1, 2001 Letter, Exh. 10B to Defendant's Motion. On November 5, 2001, Dr. Baylis wrote to Roadway stating that Roadway's proposal that Plaintiff return to work for eight hours a day as a billing clerk did not "fit the recommendations that the functional capacity evaluation has provided" and was not in Plaintiff's best interest. *See* November 5, 2001 Letter, Exh. 10C to Defendant's Motion.

In a second attempt to accommodate Plaintiff's limitations, Roadway then offered Plaintiff the option of returning to work on a part-time basis. *See* December 4, 2001 Letter, Exh. 10D to Defendant's Motion. The part-time position would require Plaintiff to work four hours per day and would allow her to stretch for a minute or two every 15 to 20 minutes, plus additional micro-breaks. Plaintiff did not accept this offer.

LINA determined that Plaintiff failed to prove that she was disabled as defined under the LTD Plan, that she did not satisfy the 180-day waiting period for LTD benefits, and that she refused to accept a modified work arrangement offered by Roadway. As a result, LINA denied Plaintiff's claim for LTD benefits.[1]

Plaintiff filed this lawsuit challenging LINA's denial of her claim for LTD benefits.[2] The parties agreed to have the LTD benefits issue remanded to the claim administrator for additional review. Following that review, the administrator again denied Plaintiff's claim for LTD benefits for the same reasons set forth above. *See* December 1, 2004 Decision, Exh. 13 to Defendant's Motion. The December 2004 decision was upheld on appeal on July 18, 2005 (Exh. 14 to Defendant's Motion) and on February 17, 2006 (Exh. 15 to Defendant's Motion). The case was then reinstated on this Court's docket for consideration.

LINA and Plaintiff have each moved for summary judgment. Plaintiff argues that she is entitled to LTD benefits, and LINA argues that its decision is entitled to

---

[1] Plaintiff also applied for Short Term Disability ("STD") benefits, which were awarded from May 14, 2001, until September 10, 2001.

[2] Plaintiff also sued Roadway for terminating her STD benefits prior to her receipt of the full 26 weeks of benefits available under the STD Plan, and sued LINA for breach of fiduciary duty. The Court granted summary judgment in Roadway's favor on that claim in August 2004. *See* Memorandum and Order [Doc. # 42]. In her Response to Defendant's Motion [Doc. # 58], Plaintiff withdrew her claim for breach of fiduciary duty. Consequently, the only claim remaining in this case is Plaintiff's claim against LINA for denial of her application for LTD benefits.

deference because its legal interpretation of the LTD Plan and its resolution of disputed facts were reasonable and supported by the administrative record.

## II. ANALYSIS

### A. Standards for Review of Plan Administrator's Denial of Benefits

The United States Supreme Court has held that the denial of benefits under an ERISA plan is "reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *see also Lain v. Unum Life Ins. Co. of America*, 279 F.3d 337, 342 (5th Cir. 2002). If the plan grants to the administrator such discretionary authority, the reviewing court applies an "abuse of discretion" standard. *See Robinson v. Aetna Life Ins. Co.*, 443 F.3d 389, 395 (5th Cir. 2006). In this case, it is undisputed that the LTD Plan grants discretionary authority to LINA.

"In applying the abuse of discretion standard, we analyze whether the plan administrator acted arbitrarily or capriciously." *Meditrust Financial Services Corp. v. The Sterling Chemicals, Inc.,* 168 F.3d 211, 214 (5th Cir. 1999) (internal quotations and citations omitted). "When reviewing for arbitrary and capricious actions resulting in an abuse of discretion, we affirm an administrator's decision if it is supported by substantial evidence. A decision is arbitrary only if made without a rational connection

between the known facts and the decision or between the found facts and the evidence." *Id.* at 215 (internal quotations and citations omitted); *Lain*, 279 F.3d at 342.

In this case, LINA serves as both the administrator and the insurer under the ERISA Plan. In such circumstances, the Fifth Circuit applies a "sliding scale" to determine how much deference to give – the greater the conflict, the less deferential the standard. *See, e.g., Robinson*, 443 F.3d at 395. Where, as here, the only evidence of conflict is the fact that the administrator and the insurer are the same entity, the administrator is "entitled to all but a modicum" of the deference afforded to administrators without a conflict. *Id.* (*citing Lain*, 279 F.3d at 343). "Under this standard, the basis for [LINA's] decision must be supported by "some concrete evidence in the administrative record." *Id.* (*citing Vega v. National Life Ins. Serv., Inc.*, 188 F.3d 287, 302 (5th Cir. 1999) (*en banc*)).

Generally, the Court "is limited to the administrative record when it reviews an administrator's determination." *See Gooden v. Provident Life & Acc. Inc. Co.*, 250 F.3d 329, 333 (5th Cir. 2001) (*citing Vega*, 188 F.3d at 299). Consequently, the Court determines only whether the "record adequately supports the administrator's decision" or conversely whether the "administrator denied the claim '[w]ithout some concrete evidence in the administrative record.'" *Id.* (*quoting Vega*, 188 F.3d at 302).

When determining whether an administrator abused its discretion in construing plan terms, the Fifth Circuit employs a two-step analysis. *Vercher v. Alexander & Alexander, Inc.*, 379 F.3d 222, 227 (5th Cir. 2004) (*citing Rhorer v. Raytheon Eng'rs and Const'rs, Inc.*, 181 F.3d 634, 639 (5th Cir. 1999)). The Court first determines whether the administrator's interpretation of the plan is correct. *See id.* In making this determination, the Court must consider "(1) whether a uniform construction of the [plan] has been given by the administrator, (2) whether the interpretation is fair and reasonable, and (3) whether unanticipated costs will result from a different interpretation of the policy." *Id.* at 228 (*citing Lain*, 279 F.3d at 344). Plaintiff does not assert that the administrator has given the plan a non-uniform construction or that unanticipated costs will result from the administrators' decisions. Therefore, the issue for the Court in determining whether the administrators' interpretation was legally correct is whether that interpretation is "consistent with a fair reading" of the LTD plan. *Haubold v. Intermedics, Inc.*, 11 F.3d 1333, 1337 (5th Cir. 1994).

"If the administrator's construction is legally sound, then no abuse of discretion occurred and the inquiry ends." *Id.* But if the administrator's interpretation of the plan is not legally correct, "the court must then determine whether the administrator's interpretation constitutes an abuse of discretion." *Id.* at 227-28.

**B.     Denial of Plaintiff's Claim for LTD Benefits**

LINA denied Plaintiff's claim for LTD benefits because Plaintiff failed to prove that she was disabled under the terms of the Plan. Under the LTD Plan, an employee is considered disabled if, as a result of injury or illness, he is unable to perform all the material duties of his regular occupation *or* he is unable to earn more than 80% of his indexed covered earnings. *See* Group Policy, Exh. 3 to Defendant's Motion, p. 4. LINA interpreted the term "all the material duties of his regular occupation" to mean that an employee is not disabled under the LTD Plan if he is able to perform the important and substantial aspects of his job with reasonable accommodation. This interpretation is consistent with Fifth Circuit authority. *See Vercher*, 379 F.3d at 231. As a result, LINA's interpretation of the LTD Plan's requirements for a finding of "disabled" is legally correct and not an abuse of discretion.[3]

LINA's determination that Plaintiff was not disabled under the LTD Plan is supported by evidence in the administrative record. The FCE recommended that Plaintiff could perform light work for 8 hours a day, and that she would benefit from

---

[3]   Plaintiff argues that she is disabled under the second prong of the definition because she would have been earning less than 80% of her prior earnings if she had accepted Roadway's offer of part-time work. Plaintiff failed to show that she was unable to earn more than 80% of her covered earnings because she was released to return to light work for 8 hours a day and was offered her prior position for 8 hours a day with accommodations consistent with the FCE.

"micro breaks and frequent position changes and stretches" and from "an ergonomic assessment." FCE, p. 1. Although the FCE stated that Plaintiff "did not match" the billing clerk position because it required constant "sitting and hand coordinated activities," Roadway was willing to modify the position so that it did not require these activities on a constant basis. Additionally, the FCE noted that Plaintiff was performing her own housework and doing craft work. The FCE, and Dr. Baylis's agreement with the FCE, support LINA's determination that Plaintiff could perform the material requirements of her position with some accommodations and, therefore, was not disabled under the terms of the LTD Plan.

LINA also denied Plaintiff's claim for LTD benefits because she refused to accept Roadway's offers for modified work arrangements. Disability benefits are not payable under the LTD Plan if the employee "refuses to participate in a . . . modified work arrangement." *See* Group Policy, at 16. LINA's decision based on this provision is supported by the evidence in the administrative record. The FCE recommended that Plaintiff could perform light work for 8 hours a day if it did not require constant sitting and hand coordinated activities, if it provided for micro-breaks and frequent position changes and stretches, and if it included an ergonomic assessment of the workspace. Roadway offered Plaintiff her billing clerk position for 8 hours a day. Roadway offered the position with micro-breaks and frequent position changes and stretches so that it

would not entail constant sitting and hand coordinated activities. Indeed, the offer from Roadway included more frequent opportunities for Plaintiff to stretch than Dr. Baylis's "stipulation" of longer breaks only every 60 to 90 minutes. Plaintiff suggests that Roadway's offer was not reasonable because it did not reduce the number of bills Plaintiff was required to process each hour, but there is no evidence that the required number was beyond Plaintiff's ability with the "micro-breaks" and frequent opportunities to stretch. The Court concludes that the administrative record supports the administrator's denial of Plaintiff's claim for LTD benefits because she refused to participate in a modified work arrangement that was consistent with the FCE. As a result, the administrator's decision was not an abuse of discretion and Defendant is entitled to summary judgment.

### III.   CONCLUSION AND ORDER

LINA denied Plaintiff's claim for LTD benefits because, *inter alia*, she failed to show that she was disabled under the terms of the LTD Plan and she refused to participate in a modified work arrangement. For the reasons stated above, LINA's decision was not an abuse its discretion. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Summary Judgment [Doc. # 56] is **DENIED** and LINA's Motion for Summary Judgment [Doc. # 57] is **GRANTED**. The Court will issue a separate final judgment.

SIGNED at Houston, Texas, this **4th** day of **December, 2006**.

*[Signature: Nancy F. Atlas]*

Nancy F. Atlas
United States District Judge